FILED IN MY OF
DISTRICT COURT CL
3/14/2016 8:20:4
STEPHEN T. PACH
Ginger :

STATE OF NEW MEXICO
IN THE FIRST JUDICIAL DISTRICT COURT
SANTA FE COUNTY

CLIFFORD CARLISLE,                           NO.    D-101-CV-2016-00673

          Plaintiff                          JUDGE: Case assigned to Ortiz, Raymond Z.

vs.

TAYLOR'S EQUIPMENT TRANSPORT, LLC,
d/b/a LEADFOOT TRANSPORT and
DAVID RATNER

          Defendants

### PLAINTIFF'S COMPLAINT FOR NEGLIGENT OPERATION OF A MOTOR VEHICLE AND NEGLIGENCE PER SE

COMES NOW, CLIFFORD CARLISLE (hereinafter Plaintiff or "Carlisle"), complaining of TAYLOR'S EQUIPMENT TRANSPORT, LLC, d/b/a LEADFOOT TRANSPORT (hereinafter Defendant or "Leadfoot") and DAVID RATNER (hereinafter Defendant or "Ratner"), and files this Original Complaint for Negligent Operation of a Motor Vehicle and Negligence Per Se and for cause of action would show as follows:

### I.
### PARTIES

1.1   Plaintiff, Carlisle, is a resident of Moriarty, New Mexico.

1.2   Defendant, Leadfoot, is a resident of Loganville, Georgia. Chad Roberts is the owner of Leadfoot. This Defendant may be served with process by delivering a copy of Plaintiff's Original Complaint to Chad Roberts through

**EXHIBIT A**

commercial carrier service at 1725 Highway 81, Loganville, Georgia 30052 as allowed by Rule 1-004 (E) (3) NMRA.

1.3    Defendant, David Ratner, is a resident of Carrollton, Georgia. This Defendant may be served with process by delivering a copy of Plaintiff's Original Complaint to David Ratner through commercial carrier service at 300 Robinson Drive, Carrollton, GA 30117 as allowed by Rule 1-004 (E) (3) NMRA.

## II.
## JURISDICTION AND VENUE

2.1    This Court has subject matter jurisdiction over this case.

2.2    Pursuant to N.M.S.A. 1978, § 38-3-1(F), venue is proper in Santa Fe County, New Mexico because Defendants are transient persons and non-residents of the state of New Mexico.

## III.
## FACTUAL BACKGROUND

3.1    On or about November 15, 2015, Ratner was stopped on the shoulder of Interstate 40 just west of mile post 16. Carlisle, a truck driver for Corrales Trucking, was travelling west on Interstate 40 at the posted speed of 65 miles per hour. Ratner pulled from the shoulder into the outside travel lane of Interstate 40 when it was not safe to do so. Carlisle had vehicles to his left and no opportunity to avoid the rear end collision that resulted. Ratner falsely reported to the New Mexico Highway Police that he was travelling 45 miles per hour at the time of the collision. In truth and in fact, Ratner was travelling at a very slow rate of speed and should never have attempted to pull into the outside lane of Interstate 40 when he did.

3.2    The collision pinned Carlisle in his tractor and caused a fire on the passenger side of his vehicle. The fire was extinguished but Carlisle was trapped in his vehicle. Emergency responders maintained a vigil at the passenger side of Carlisle's vehicle to keep any fire from re-igniting. The Corrales Trucking tractor had a fuel leak from the impact and emergency responders mitigated that threat at the scene. The Leadfoot flat bed trailer and the wooden planks it was carrying had penetrated the engine compartment and the cab of the Corrales tractor. The extrication of Carlisle was delayed while necessary equipment was obtained. Finally, a chain saw was used to cut the wooden planks and allow the extrication process to begin. Carlisle endured great anxiety over the fire that was extinguished and the threat of another fire while he was pinned. He also suffered great physical pain from his shattered left leg. Carlisle was airlifted from the accident scene and underwent surgery in Albuquerque, New Mexico. He is still receiving physical therapy for the injury to his left leg and the metal plate with 16 screws that were surgically inserted. Carlisle has not returned to work and there is a serious concern that he will not be able to perform as a tractor-trailer operator in the future. Carlisle was in the hospital in Albuquerque for five days and incurred significant medical expenses both for his surgery and the life flight air ambulance provided on the day of the accident.

## IV.
## CAUSES OF ACTION AGAINST DEFENDANTS

4.1    All of the conduct of Ratner on November 15, 2015, was in the course and scope of his employment as a truck driver for Leadfoot. Accordingly,

all acts of negligence on the part of Ratner are imputed to Leadfoot under the doctrine of Respondeat Superior.

4.2   The conduct of Ratner was a violation of New Mexico Statutes Chapter 66-8-114 in that Ratner operated a vehicle on the highway without giving his full time and entire attention to the operation of the vehicle. Ratner was a careless driver on November 15, 2015. Defendant Ratner failed to conduct himself as a person using ordinary care for the safety of the person and property of others. Furthermore, Ratner failed to conduct himself as a reasonable person would under the same or similar circumstances. This conduct amounts to negligence and negligence per se.

4.3   The conduct of Ratner was a violation of New Mexico Statutes Chapter 66-7-305 in that Ratner drove a motor vehicle at such a slow speed as to impede the normal and reasonable movement of traffic just before the accident on November 15, 2015. In driving at such a slow speed, Ratner failed to conduct himself as a person using ordinary care for the safety of the person and property of others. Furthermore, in driving at such a slow speed, Ratner failed to conduct himself as a reasonable person would under the same or similar circumstances. This conduct amounts to negligence and negligence per se.

4.4   The conduct of Ratner was a violation of New Mexico Statutes Chapter 66-7-317 in that Ratner drove his vehicle on the shoulder of Interstate 40 and moved from the shoulder to the outside lane before Ratner had ascertained that such movement could be made with safety. In making the unsafe lane change, Ratner failed to conduct himself as a person using ordinary care for the safety of the person and property of others. Furthermore, in making an unsafe lane change, Ratner failed to conduct himself as a reasonable person would

under the same or similar circumstances. This conduct amounts to negligence and negligence per se.

4.5     The conduct of Ratner was a violation of New Mexico Statutes Chapter 66-7-324 in that Ratner started his vehicle, which had been stopped on the shoulder, before such movement could be made with reasonable safety. In making the start of his vehicle before such movement could be made with reasonable safety, Ratner failed to conduct himself as a person using ordinary care for the safety of the person or property of others. Furthermore, in making an unsafe start from a stopped position on the shoulder of Interstate 40, Ratner failed to conduct himself as a reasonable person would under the same or similar circumstances. This conduct amounts to negligence and negligence per se.

4.6     The foregoing acts and omissions by Defendants were acts of negligence and negligence per se and these acts of negligence and negligence per se have proximately caused injuries and damages to Plaintiff.

## V.
## DAMAGES

5.1     As a result of Defendants' conduct, Plaintiff is entitled to recover damages for the reasonable expenses of necessary medical care, treatment and services received in the past and the reasonable expenses, of medical care, treatment and services reasonably certain to be received in the future. In addition, Plaintiff is entitled to recover damages for mental anguish and the pain and suffering experienced in the past and the mental anguish and pain and suffering reasonably certain to be experienced in the future as a result of the accident and his injuries. Plaintiff has suffered economic damages because of his

inability to work. He has suffered a loss of earnings and fringe benefits in the past and will suffer, in reasonable probability, a loss of earnings and fringe benefits in the future. Plaintiff has suffered a loss of earning capacity. Plaintiff has suffered physical impairment in the past and will, in reasonable probability, suffer physical impairment in the future. All of the damages were proximately caused by the negligence and negligence per se of the Defendants.

## VI.
## EXEMPLARY DAMAGES

6.1 The conduct of Ratner was careless and heedless. When Ratner started from a stopped position on the shoulder of Interstate 40 without determining it was safe to do so, he exhibited a willful and wanton disregard of the rights and safety of others. Ratner operated the Leadfoot tractor-trailer in a manner so as to endanger or be likely to endanger the motoring public and their property. Ratner engaged in this conduct without due caution and circumspection. The conduct of Ratner and Leadfoot was reckless and wanton. The Defendants showed utter indifference to or conscious disregard for the motoring public's and Clifford Carlisle's rights and safety. Leadfoot failed to properly train Ratner in an area that exposed the motoring public to a deadly risk of danger.

6.2 Plaintiff should be awarded damages to punish Ratner and Leadfoot for their reckless behavior and to deter other truckers and trucking companies from exposing the motoring public to such risks of danger.

## VII.
## PRE-JUDGMENT AND POST-JUDGMENT INTEREST

7.1     Plaintiff seeks pre-judgment and post-judgment interest as allowed by law.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein, that this cause be set down for trial before a jury, and that Plaintiff recover judgment of and from the Defendants for his actual damages in such amount as the evidence may show and the jury may determine to be proper, exemplary damages in such amount as the evidence may show and the jury may determine to be proper, together with pre-judgment interest, post-judgment interest, costs of suit, and such other and further relief to which Plaintiff may show himself to be justly entitled.

Respectfully submitted,

_/S/Dennis L. Richard_____
Dennis L. Richard
SBN:  4841
**KENNARD RICHARD, P.C.**
85 N.E. LOOP 410
SUITE 603
San Antonio, TX 78216
Telephone:  (210) 314-5688

Dated: March 9, 2016

FILED IN MY OF
DISTRICT COURT CL
3/14/2016 11:52:3
STEPHEN T. PACH
Angelica Gonzalez

STATE OF NEW MEXICO
IN THE FIRST JUDICIAL DISTRICT COURT
SANTA FE COUNTY

CLIFFORD CARLISLE,                              NO.    D-101-CV-2016-00673

                                                      JUDGE: Raymond Z. Ortiz

      Plaintiff

vs.

TAYLOR'S EQUIPMENT TRANSPORT, LLC,
d/b/a LEADFOOT TRANSPORT and
DAVID RATNER

      Defendants

## JURY DEMAND

Plaintiff, through her undersigned attorney, demands trial by a twelve person jury of all issues triable of right by jury and hereby tenders the sum of $300.00 for jury fee.

Respectfully submitted,

    /S/ Dennis L. Richard
Dennis L. Richard
SBN: 4841
**KENNARD ATTORNEYS AT LAW**
85 N.E. LOOP 410
SUITE 603
San Antonio, TX 78216
Telephone: (210) 314-5688

Dated: March 14, 2016.

FILED IN MY OF
DISTRICT COURT Cl
3/14/2016 11:52:3
STEPHEN T. PACH
Raisa Morales

| SUMMONS ||
|---|---|
| District Court: FIRST JUDICIAL Santa Fe County, New Mexico Court Address: Post Office Box 2268 / 225 Montezuma Ave. Santa Fe, New Mexico 87504 / 87501 Court Telephone No.: 505-455-8250 | Case Number: D-101-CV-2016-00673 Assigned Judge: Raymond Z. Ortiz |
| Plaintiff(s): CLIFFORD CARLISLE v. Defendant(s): TAYLOR'S EQUIPMENT TRANSPORT, LLC, d/b/a LEADFOOT TRANSPORT and DAVID RATNER | Defendant TAYLOR'S EQUIPMENT TRANSPORT, LLC, d/b/a LEADFOOT TRANSPORT through Name: Chad Roberts Address: 1725 Highway 81, Loganville, GA 30052 |

**TO THE ABOVE NAMED DEFENDANT(S)**: Take notice that

1. A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.
2. You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA) The Court's address is listed above.
3. You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.
4. If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.
5. You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.
6. If you need an interpreter, you must ask for one in writing.
7. You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at  Santa Fe  , New Mexico, this 14th  day of  March  , 20 16  .

STEPHEN T. PACHECO
CLERK OF DISTRICT COURT

By: /s/ Raisa Morales
     Deputy

___/S/ Dennis L. Richard___
Signature of Attorney for Plaintiff/Pro Se Party
Name: Dennis L. Richard
Address: 85 N.E. Loop 410, Suite 603, San Antonio, Texas 78216
Telephone No.: 210-314-5688
Fax No.: 210-314-5687
Email Address: DENNIS.RICHARD@KENNARDLAW.COM

FILED IN MY OF
DISTRICT COURT CL
3/14/2016 11:52:3
STEPHEN T. PACH
Raisa Morales

| SUMMONS ||
|---|---|
| District Court: FIRST JUDICIAL Santa Fe County, New Mexico<br>Court Address:<br>Post Office Box 2268 / 225 Montezuma Ave.<br>Santa Fe, New Mexico   87504 / 87501<br>Court Telephone No.: 505-455-8250 | Case Number: D-101-CV-2016-00673<br><br>Assigned Judge: Raymond Z. Ortiz |
| Plaintiff(s): CLIFFORD CARLISLE<br><br>v.<br><br>Defendant(s):TAYLOR'S EQUIPMENT TRANSPORT, LLC, d/b/a LEADFOOR TRANSPORT and DAVID RATNER | Defendant DAVID RATNER<br>Name: DAVID RATNER<br>Address: 300 Robinson Dr., Carrollton, GA 30117 |

**TO THE ABOVE NAMED DEFENDANT(S)**: Take notice that

1. A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.
2. You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA) The Court=s address is listed above.
3. You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.
4. If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.
5. You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.
6. If you need an interpreter, you must ask for one in writing.
7. You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at   Santa Fe  , New Mexico, this 14th day of  March , 2016  .

STEPHEN T. PACHECO
CLERK OF DISTRICT COURT

By: /s/ Raisa Morales
Deputy

___/S/ Dennis L. Richard___
Signature of Attorney for Plaintiff/Pro Se Party
Name: Dennis L. Richard
Address: 85 N.E. Loop 410, Suite 603, San Antonio, Texas 78216
Telephone No.: 210-314-5688
Fax No.: 210-314-5687
Email Address: DENNIS.RICHARD@KENNARDLAW.COM